OPINION OF THE COURT
 

 WEIS, Circuit Judge.
 

 In this declaratory judgment action, the district court ruled that pre-petition proper
 
 *170
 
 ty taxes assessed against plaintiff had been discharged in bankruptcy, but that post-petition taxes were administrative expenses that must be paid. We reject the plaintiff’s arguments that a holding of that nature is reserved to the bankruptcy judge and was contrary to the terms of a settlement agreement with another governmental agency. Accordingly, we will affirm.
 

 Plaintiff St. Croix Hotel Corporation operates the St. Croix-by-the-Sea resort complex in the Virgin Islands. In April 1981, plaintiff filed for reorganization under chapter 11. Among the creditors who filed proofs of claim were the Bureau of Internal Revenue and the Department of Finance of the Virgin Islands. Each agency filed separate claims — the Bureau of Internal Revenue for unpaid payroll taxes, hotel taxes, and gross receipts taxes; the Department of Finance for real estate taxes.
 

 In August 1983 the bankruptcy judge approved the plaintiffs proposed reorganization plan. Paragraph 6(b) of the plan provided that the amounts “due the Government of the Virgin Islands will be paid by way of the transfer of certain [described] real property_ This transfer is proposed to be in lieu of payment of all debts, including priority claims and unsecured debts, owed the Government of the Virgin Islands.” Transfer of the enumerated tracts was made in due course.
 

 Because of pending litigation, the bankruptcy was not terminated immediately. Two years after the plan was confirmed and following a hearing on May 3, 1985, the bankruptcy judge signed the order of dismissal that included the statement: “The Court finds that the Debtor-in-Possession, St. Croix Hotel Corporation, has fully complied with the provisions of the reorganization plan and has satisfied all claims filed in this Court by various creditors as well as paid all administrative expenses pursuant to the reorganization plan.”
 

 The bankruptcy judge ordered that “all recorded liens, including tax liens, of any type whatsoever recorded against the assets of St. Croix Hotel Corporation shall be and hereby are deemed to be discharged as having been paid in full and said liens are no longer valid as of the date of this order so that the assets of St. Croix Hotel Corporation are free and clear of all claims.” No appeal was taken from the order.
 

 Some six months later, in November 1985, the Bureau of Internal Revenue, represented by the Office of the Attorney General, moved to reopen the proceedings, asserting that various withholding taxes remained unpaid. The bankruptcy judge denied the petition to reopen on the ground of laches, denying all pre-petition claims and sharply criticizing the government for its lengthy inattention to the case. The judge, however, ordered the payment of post-petition taxes, pursuant to the confirmed plan, to “the Bureau of Internal Revenue as and for administrative claims” in the sum of $127,219.48.
 

 Both parties appealed to the district court which affirmed on April 18, 1986. 60 B.R. 412 (D.V.I.1986). Plaintiff and the Attorney General then agreed to settle the dispute for a lump sum payment of $203,-000. They exchanged several drafts memorializing the compromise before they signed the agreement in May 1986. The final draft listed the parties as “St. Croix Hotel Corporation (hereinafter referred to as St. C.) and the Bureau of Internal Revenue, Government of the Virgin Islands (hereinafter referred to as Government).” Paragraph 3 of the agreement recited that the payment covered “all pre-petition and post-petition taxes due the Government” and also included “additional consideration which the Government agrees to accept in lieu of pursuing any pre-petition taxes which the Government insist (sic) may still be owed personally as trust funds by officers of St. C.”
 

 In August 1986 at the instance of the Department of Finance, the Attorney General’s Office notified the bankruptcy judge that certain real estate taxes owed by plaintiff, including those classified as administrative claims, had not been paid. The letter inquired whether the judge was aware that, as of the time the dismissal order was entered, these property taxes
 
 *171
 
 were unpaid notwithstanding the plaintiffs representations to the contrary. In light of this delinquency, the government wrote that it thought it “prudent and proper to seek your counsel in this matter before taking further action.”
 

 The letter prompted an exchange of correspondence between the plaintiffs counsel and the Attorney General’s Office, but no formal action by the bankruptcy judge took place. At about this time, the congressional authorization for a separate bankruptcy judge in the Virgin Islands lapsed and the district judges assumed the additional bankruptcy duties.
 

 When negotiations proved unsuccessful to remove certain real estate tax liens the Department of Finance had imposed, plaintiff filed the present action for declaratory judgment and slander of title. The complaint stated,
 
 inter alia,
 
 that the May 1986 settlement agreement extinguished the plaintiffs liability to the Department for property taxes. The Finance Department denied this allegation and petitioned for a declaration that the plaintiff’s property tax liabilities for the years 1977 through 1985 be approved.
 

 The district court granted the agency a partial declaratory judgment on January 22, 1988, holding that the Bureau of Internal Revenue lacked authority to bind the Commissioner of Finance to the May 1986 compromise agreement. The real estate tax claims, consequently, were unaffected by the settlement. The court then ordered each party to submit its calculation of the property taxes, if any, still outstanding.
 

 In response, plaintiff challenged the district court’s jurisdiction to determine what amounts were owing. Plaintiff argued that an assessment of that liability could not be made absent a reopening of the bankruptcy judge’s dismissal order that had declared all claims satisfied.
 

 In rebuffing the plaintiff’s position, the district court ruled that the Department of Finance had not attempted to reopen the bankruptcy, but instead had sought only an interpretation of the terms of the settlement agreement. “Our function thus is merely to interpret the discharge in bankruptcy. We fail to see a lack of subject matter jurisdiction.”
 

 Relying on the previous ruling in the Bureau of Internal Revenue case, the court declared that the Department of Finance’s claim for pre-petition real estate taxes had been discharged, but post-petition taxes— administrative expenses — were due. Plaintiff appealed,
 
 [1]
 
 but the government did not cross-appeal.
 

 On appeal, plaintiff renews its contention that the May 1986 settlement agreement applied to both the real estate taxes claimed by the Department of Finance as well as those taxes demanded by the Bureau of Internal Revenue. In addition, plaintiff asserts that the district court had no jurisdiction to adjudicate the validity of tax liens that accrued during the period of the bankruptcy. The two contentions raise discrete issues that we will address in turn.
 

 I.
 

 The May 1986 settlement agreement recited that it was to bind the Bureau of Internal Revenue and plaintiff. The document states that the payment made by plaintiff to resolve the dispute “covers all pre-petition and post-petition taxes due the Government arising out of the Bankruptcy proceedings.” The term “Government,” however, is explained in the first paragraph as meaning the Bureau of Internal Revenue. This definition replaced language in an earlier draft that had listed “the Government of the Virgin Islands” as one of the two parties. On execution, the agreement was signed, “Government of the Virgin Islands, by Anthony Olive, Bureau
 
 *172
 
 of Internal Revenue; Victor Schneider, Esquire, First Assistant Attorney General.”
 

 The district court stated as a conclusion of law that the Director of the Bureau of Internal Revenue has no authority over property taxes.
 
 See
 
 V.I.Code Ann. tit. 33, §§ 2301-2584. Therefore, ruled the court, the Commissioner of Finance, entrusted with the duty of collecting real estate levies,
 
 see id.
 
 § 2492, was legally bound by neither the settlement agreement nor the results of the earlier lawsuit brought by the Bureau of Internal Revenue.
 

 In its reply brief in this Court, plaintiff concedes that “the Director of the Bureau of Internal Revenue could not compromise the taxes owed to the Department of Finance.” But, says plaintiff, both agencies were represented by the Virgin Islands Attorney General, and one of the Assistant Attorneys General signed the agreement.
 

 Although the Attorney General’s Office represented both agencies at various times, the May 26 settlement agreement is specific in limiting its applicability to the Bureau of Internal Revenue. Plaintiff produced no evidence that, at the time the agreement was negotiated and executed, the Assistant Attorney General in charge of the case purported to speak for any agency of the government other than the Bureau.
 

 Our review of the record as submitted convinces us that the district court correctly read the agreement as releasing only the claims of the Bureau of Internal Revenue. We will not disturb the court’s declaration that the Department of Finance’s claims for real estate taxes were not released or compromised by the May 1986 agreement.
 

 II.
 

 The jurisdictional issue plaintiff raises is somewhat confusing. Plaintiff begins by reciting the bankruptcy judge’s May 1985 dismissal order that all claims had been satisfied and all administrative expenses had been paid. Because this order had not been appealed, plaintiff argues that the district court could not issue a contradictory declaration that the real estate taxes incurred during the bankruptcy period either remained unpaid or were owing. According to plaintiff, only the bankruptcy court on a motion to reopen could revise the dismissal order to validate the claim for real estate taxes.
 
 See
 
 11 U.S.C. § 350(b).
 

 The plaintiff’s jurisdictional attack does not reach the declaration discussed above in Part I. The separate legal question of the settlement agreement’s applicability to the Department of Finance implicated no request for new relief in the bankruptcy case, and thus, did not necessitate a section 350(b) petition for a reopening. Instead, that declaration involved only an interpretation of a contract.
 
 See Beneficial Trust Deeds v. Franklin (In re Franklin),
 
 802 F.2d 324, 327 (9th Cir.1986);
 
 Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Property Builders),
 
 699 F.2d 963, 965 (9th Cir.1982). The jurisdictional challenge extends only to the court’s ruling on the plaintiff’s current property tax liability.
 

 The district court held in its declaratory judgment that the government’s claim for real estate taxes that accrued before April 1981 — pre-petition debts — was discharged in the bankruptcy proceeding. The government has not cross-appealed, and thus, that holding is binding on us now. Therefore, the only taxes in dispute are those incurred between 1981 and 1985, which were classified by the bankruptcy judge as an administrative expense.
 

 Plaintiff posits that, because the final dismissal order of the bankruptcy court found specifically that the taxes had been paid, that order is binding unless modified pursuant to Bankruptcy Rule 9024 or its equivalent, Federal Rule of Civil Procedure 60(b). As we understand plaintiff, the district court was bound by the bankruptcy judge’s order reciting that all payments have been made, notwithstanding the plaintiff's own concession that the taxes categorized as administrative expenses have not been paid.
 

 The plaintiff’s theory is novel, albeit somewhat at odds with the facts. We need not probe its legal merit, however, because the bankruptcy judge’s dismissal order was
 
 *173
 
 modified in the course of the earlier Bureau of Internal Revenue litigation. During a November 15, 1985 hearing on the Bureau’s motion to reopen the bankruptcy-proceeding, the plaintiffs counsel argued that the administrative expenses had been satisfied by the property transfer we previously recounted. The bankruptcy judge rejected that argument, stating that administrative claims cannot be paid “other than by cash at the time of confirmation.”
 

 The plaintiffs counsel next informed the bankruptcy judge that, after receiving notice from the Department of Finance that “some more taxes were due,” the plaintiffs president “went down and paid the ones which were incurred after the date of the plan, and if more taxes are presented to us which were incurred after the date the plan was approved, we would not contest the payment of those taxes, that is after August 17, 1983.” Yet in the present appeal, plaintiff contends that the district court improperly found that those same taxes— as well as those assessed between 1981 and 1983 — are due.
 

 During the hearing, the bankruptcy judge expressed his surprise that the post-petition taxes had not been paid and directed plaintiff to pay them, even though he denied the government’s motion to reopen the bankruptcy as to pre-petition claims. Thus, the bankruptcy judge resolved adversely to plaintiff two issues: (1) although the order of May 31, 1985 stated that administrative expenses had been paid, they had not in fact been satisfied; (2). that plaintiff was required to pay overdue administrative expenses even without a reopening of the bankruptcy case.
 

 The district court affirmed the bankruptcy judge’s findings on April 18, 1986, stating specifically that “we affirm the [bankruptcy] court’s order that the debtor pay its long overdue administrative expenses.” 60 B.R. at 415. In the May 1986 release, plaintiff agreed that “no appeal will be taken from the opinion of the District Court dated April 18, 1985, so that the opinion is final.”
 

 In light of the unchallenged affirmance of the bankruptcy judge’s order, the district court’s 1988 declaration that administrative expenses must be paid did nothing more than reaffirm earlier bankruptcy orders against plaintiff. The doctrine of issue preclusion, applicable in the Virgin Islands, bars a party in these circumstances from prevailing on a point previously litigated and resolved against him.
 
 See Gregory v. Chehi,
 
 843 F.2d 111, 115-16 (3d Cir.1988).
 

 In its litigation with the Bureau of Internal Revenue, plaintiff failed to persuade the court that the transfer of property pursuant to the confirmed reorganization plan was a satisfaction of administrative expenses. Consequently, the district court properly rejected that argument in this declaratory judgment action. The district court had jurisdiction to enter a final judgment based on issue preclusion.
 

 Even if a rigid line of jurisdictional demarcation were interposed between the district court and the bankruptcy judge, the declaratory judgment would be well within the power of the district court.
 
 See Franklin,
 
 802 F.2d at 327. But in the Virgin Islands such a strict separation does not exist.
 

 Congress has empowered the United States Courts of Appeals to appoint bankruptcy judges for unincorporated territories within their circuits, “if authorized to do so by the Congress of the United States.” 28 U.S.C. § 152(a)(4). No provision has been made for the appointment of bankruptcy judges for the Virgin Islands.
 

 Unless a bankruptcy judge is appointed for a territory, “[t]he judges of the district courts for the territories shall serve as the bankruptcy judges for such courts.”
 
 Id.
 
 The District Court of the Virgin Islands, a forum established pursuant to Article IV of the Constitution and enjoying general original jurisdiction over local territorial matters, is not a United States District Court. It is, instead, “more like a state court of general jurisdiction than a United States district court.”
 
 Carty v. Beech Aircraft Corp.,
 
 679 F.2d 1051, 1057 (3d Cir.1982).
 

 Congress expressly accorded bankruptcy jurisdiction to the District Court of the Virgin Islands under the Revised Organic
 
 *174
 
 Act. 48 U.S.C. § 1612(a) (Supp. IV 1986). Since the position of bankruptcy judge in the Virgin Islands lapsed in 1986, Pub.L. No. 98-353, § 106(b)(1), 98 Stat. 333, 342 (published at 28 U.S.C. § 152 note), the district judges have performed that function.
 

 In effect, the jurisdictional argument plaintiff advances would have us remand this matter to the same judge to rule again on the same facts, except this time he would change the caption heading of his judgment. We do not believe that jurisdictional concepts should be so far removed from reality as to require such a misuse of scarce judicial resources.
 

 The judgment of the district court will be affirmed.
 

 [1]
 

 . The government asserts that we lack jurisdiction, characterizing the district court clerk’s action in closing the file (upon receipt on May 23, 1988 of a stipulation by the parties) as the final action from which the time of appeal ran. We do not agree. The court’s order of June 6, 1988 formally dismissing the case was the final action of the district court. The appeal filed on June 27, 1988 was timely. We also reject the contention that the notice of appeal insufficiently described the action of the district court to be reviewed.