**In re the Matter of Thomas Charles RETTEMNIER and Barbara Jean Rettemnier, Debtors.**

**Bankruptcy No. 89–32401–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Jan. 24, 1990.

Brad Culverhouse, Fort Pierce, Fla., for debtors.

Douglas Wendell, Asst. U.S. Trustee.

Frank H. Fee, III, Fort Pierce, Fla., for Harbor Federal Sav. & Loan Assoc.

Jeff J. Ricke, Jacksonville, Fla., for Florida Physicians Ins. Corp.

## JUDGMENT AVOIDING JUDICIAL LIEN

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came on to be heard before the Court on November 28, 1989, upon the Motion of the Debtors, THOMAS CHARLES RETTEMNIER, hereinafter referred to as T.C.R. and BARBARA JEAN RETTEMNIER, hereinafter referred to as B.J.R., brought pursuant to 11 *U.S.C.* Sec. 522(f)(1) and *B.R.* 9014, to avoid a judicial lien which impaired allowed exemptions. The Court having examined the motion and having taken judicial notice of its record, find the facts to be as follows:

## FACTS

More than four (4) years prior to the filing of this Chapter 7 case, the debtor, T.C.R. was injured due to the alleged malpractice of several physicians. As a result of his injuries, T.C.R. qualified for Social Security Disability benefits. In 1985, the Rettemniers brought a state court action for medical malpractice against numerous physician defendants which was styled *Thomas Rettemnier and Barbara Rettemnier, his Wife, Plaintiffs, -vs- Jane Turmail, M.D., et al, Defendants, Martin County Circuit Court, Nineteenth Judicial Circuit,* Case No: 85–60. Prior to the trial date, the Rettemniers settled with one physician defendant and received a structured settlement consisting of two annuities payable respectively to both T.C.R. and B.J.R. At trial, the jury returned verdicts for the remaining physician defendants and against the Rettemniers and the Court subsequently taxed costs and attorney fees and entered a money judgment against the Rettemniers. On March 10, 1989, one of the defendants, Florida Physicians Insurance Company, in whose favor a costs judgment had been entered, caused a writ of garnishment to issue pursuant to *Fla.Stat.* Sec. 77.031(1) (1987), entered against the bank account of the Rettemniers at Harbor Federal Savings and Loan Association of Ft. Pierce, Florida. The Rettemniers contested the garnishment proceedings in the state court action by filing a Motion to Dissolve the Writ of Garnishment on April 7, 1989. T.C.R.'s monthly Social Security disability benefits and his and B.J.R.'s annuity payments were directly deposited into this bank account. On May 17, 1989, the Rettemniers filed a joint Chapter 7 Bankruptcy Petition. The garnishment action was stayed pursuant to 11 *U.S.C.* Sec. 362(a)(1), (2) and (3).

The debtors Statement of Income and Expenses established that the debtor's only source of income was T.C.R.'s Social Security disability and the two annuity payments and the Social Security survivors benefits received by B.J.R. for her two (2) minor children by a previous marriage.

On Schedule B–4, the Debtors claimed the monies being held by the Garnishee, Harbor Federal Savings & Loan Association as being exempt pursuant to *Fla.Stat.* Section 222.14 (1987) and the Social Security disability payments were claimed as exempt pursuant to *Fla.Stat.* Sec. 222.201 (1987) and 11 *U.S.C.* Sec. 522(d)(10)(A). The claimed exemptions were allowed. At the hearing on the motion to avoid judicial lien the court was made aware that prior to the filing of the instant motion the Chapter 7 Trustee had filed a report of no distribution, the Debtors had received their discharge, this case was closed and a final decree had been entered. Whereupon, the Debtor's attorney moved *ore tenus* to re-open the Chapter 7 case for the limited purpose of hearing the Debtors' Motion to Avoid Judicial Lien pursuant to 11 *U.S.C.* Sec. 350(b), and the Court being otherwise fully advised in the premises, it is thereupon ORDERED and ADJUDGED, as follows:

1. This Court has jurisdiction pursuant to 11 *U.S.C.* Sections 350(b), 522(f)(1) and 105. The threshold issue is whether or not this Court should grant the Debtor's *ore tenus* motion to reopen the Chapter 7 case for the limited purpose of hearing and deciding the Debtor's Motion to Avoid Judicial Lien. 11 *U.S.C.* Sec. 350(b) provides that

> "(b) *A case may be reopened* in the Court in which such case was closed to administer assets, *to accord relief to the Debtor,* or for other cause." (emphasis added).

It is within this Court's discretion as to whether or not to grant the Debtor's *ore tenus* motion to reopen. Such motions should be liberally granted to accord the Debtors relief and the Debtors' *ore tenus* motion to reopen their Chapter 7 case for the limited purpose of this Court according relief to the Debtors' to hear and determine their Motion to Avoid Judicial Lien is, therefore, granted. It is further ordered that upon the expiration of the ten (10) day appeal period under *B.R.* 8002 after the entry of this order in this proceeding that

this case shall be closed without further order of this court.

■ 2. The second issue to be decided by this Court is whether or not the Writ of Garnishment issued based upon the state court money judgment is a judicial lien that can be avoided pursuant to 11 *U.S.C.* Sec. 522(f)(1) which provides that

"(f) Notwithstanding any waiver of exemptions, the Debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is— (1) a *judicial lien, ...*" (emphasis added)

11 *U.S.C.* Sec. 101(32) defines a "judicial lien" as a

... "lien obtained by judgment, levy, sequestration, or other *legal* or equitable *process* or proceeding." (emphasis added)

The Writ of Garnishment is "legal process" within the meaning of Section 101(32). The Writ of Garnishment was issued by the clerk of the state court pursuant to Section 77.031(1) (1987), and was served by the Sheriff of St. Lucie County pursuant to *Fla.Stat.* Sec. 48.011 (1987) upon the garnishee, Harbor Federal Savings & Loan Association and required the garnishee pursuant to *Fla.Stat.* Sec. 77.04 to serve an answer to the writ on the garnishment plaintiff (Judgment Creditor) within twenty (20) days of service or have a default judgment entered against the garnishee pursuant to *Fla.Stat.* Sec. 77.081 (1987).

This Court holds that the post judgment issuance and service of a writ of garnishment pursuant to *Fla.Stat.* Sec. 77.031(1) (1987) is "legal process" and a "judicial lien" within the meaning of 11 *U.S.C.* Sections 522(f)(1) and 101(32) and that its service upon the garnishee, Harbor Federal Savings & Loan Association where the debtors had monies on deposit in a joint bank account, constituted "the fixing" of a "judicial lien" "on an interest of the debtor in property" within the meaning of 11 *U.S.C.* Sections 522(f)(1) and 101(32).

■ 3. The next issue for this Court to decide is whether or not the Writ of Garnishment (judicial lien)

. . . .

"... *impairs an exemption* to which the debtor would have been entitled under subsection (b) of this section...." 11 *U.S.C.* Sec. 522(f). (Emphasis added)

On Schedule B–4, the debtor, T.C.R., pursuant to *Fla.Stat.* Sec. 222.201 (1987) and 11 *U.S.C.* Sec. 522(d)(10)(A) claimed as exempt his Social Security disability benefits which were on deposit in the bank account at the time the Writ of Garnishment was served upon the garnishee bank. The Debtors, T.C.R. and B.J.R. pursuant to *Fla. Stat.* Sec. 222.14 also claimed as exempt on Schedule B–4, the monthly payments from the two respective annuity contracts which were also on deposit in the bank account at the time the Writ of Garnishment was served on the garnishee bank. The foregoing claimed exemptions were allowed by this Court. Thus, the monies in the bank account to which the Writ of Garnishment (judicial lien) became "fixed" on is property in which the Debtors have an interest since it is their allowed exempt property.

This Court therefore holds that the Writ of Garnishment served on the garnishee, Harbor Federal Savings & Loan Association in Case No: 85–60 is a judicial lien which became fixed on the monies in the debtors' bank account which was property the debtors had an interest in and that the Writ of Garnishment impairs the exemptions to which the debtors are entitled under 11 U.S.C. Sec. 522(b)(1), *Fla.Stat.* Sections 222.14 and 222.201 (1987) and 11 U.S.C. Sec. 522(d)(10)(A), and that pursuant to 11 *U.S.C.* Sec. 522(f)(1) the Writ of Garnishment is avoided and voided and Harbor Federal Savings & Loan Association is ordered to forthwith pay the garnished monies to the debtors' attorney's trust account.

5. The garnishment Plaintiff, Florida Physicians Insurance Company is ordered to file a voluntary dismissal of the garnishment action in the state court case within ten (10) days the date of this order and is

specifically granted limited relief from the permanent injunction under 11 *U.S.C.* Sec. 524(a) in order to do so.

DONE AND ORDERED.