**In re Jack Floyd JACKSON.**

**Bankruptcy No. 90–14131S.**

United States Bankruptcy Court,
W.D. Arkansas,
Texarkana Division.

June 8, 1992.

Jack Gooding, Texarkana, Ark., for debtor.

Henry Morris, DeQueen, Ark., Trustee.

## ORDER DENYING APPLICATION TO REOPEN

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtor's Application to Reopen Closed Case, filed on May 29, 1992. This bankruptcy case was initiated on November 13, 1990, by the filing of a voluntary chapter 7 petition in bankruptcy. The discharge of the debtor was granted on March 11, 1991 and the file closed on March 15, 1991.

On November 13, 1990, during the pendency of the bankruptcy, the Chancery Court of Hempstead County entered a judgment and decree of foreclosure against the debtor and in favor of the creditors First National Bank of Hope and Linda Quillin. The sale of the debtor's property occurred after the date of discharge. The debtor seeks to reopen this case in order to void the Chancery Court decree on the grounds that the decree was a violation of the automatic stay imposed by Bankruptcy Code section 362(a).

■ The Bankruptcy Code provides that a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); Fed. R.Bankr.Proc. 5010. Section 350(b) is not mandatory, but is within the discretion of the Bankruptcy Court. *In re Rhodes*, 88 B.R. 199, 200 (Bankr.E.D.Ark.1988).

■ While Rule 9024(1), Federal Rules of Bankruptcy Procedure, excepts a motion to reopen a case from the one year limitation prescribed in Rule 60(b), the doctrine of laches is applicable in determining whether such a motion should be granted. *See In re Nelson*, 100 B.R. 905, 906 (Bankr. N.D.Ohio 1989) ("Although no time limit is specified by the Bankruptcy Code during which a motion to reopen must be filed, such a motion must be brought within a reasonable time; laches may justify denial of such a motion."). The strong policy and purpose of the bankruptcy laws in ensuring "prompt and effectual administration and settlement of the estate" requires that an interested person, including the debtor, act promptly to preserve its rights. *Virgin Islands Bureau of Internal Revenue v. St. Croix Hotel Corp. In re St. Croix Hotel Corp.*, 60 B.R. 412, 414 (D.V.I.1986), *aff'd*, 867 F.2d 169 (3d Cir.1989). The longer a party waits to request that a case be reopened, the greater the burden in demonstrating that cause exists to reopen the case. *White v. Boston (In re White)*, 104 B.R. 951, 958 (S.D.Ind.1989).

■ The Court finds that this motion comes too late to reopen the case. Fourteen months passed between the closing of the bankruptcy case and the filing of the motion to reopen. The debtor has offered no reason why the motion was filed so

late.[1] Mere inattention or neglect is not a basis to reopen a case. *St. Croix Hotel Corp.*, 60 B.R. at 414. Judgment by the state court was rendered eighteen months ago and it appears from the debtor's motion that sale of the property has already occurred.

ORDERED that the Motion to Reopen Closed Cased, filed on May 29, 1992, by the debtor is DENIED.

IT IS SO ORDERED.

---

1. The debtor asserts that he did not receive notice of the sale. There is no indication, however, that he did not receive notice of the judgment. Further, it was incumbent upon the debtor to file a motion to reopen the case promptly upon learning of the sale.