### In re Jack Floyd JACKSON.

### Bankruptcy No. 90–14131S.

United States Bankruptcy Court, W.D. Arkansas, Texarkana Division.

June 30, 1992.

ment. Further, it was incumbent upon the debtor to file a motion to reopen the case promptly upon learning of the sale.

Henry Morris, De Queen, Ark., for debtor.

Jack W. Gooding, Texarkana, Ark., trustee.

## ORDER DENYING MOTION FOR RECONSIDERATION

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtor's Motion for Reconsideration, filed on June 26, 1992. The debtor seeks reconsideration of an order denying the Application to Reopen Closed Case, filed on May 29, 1992. This bankruptcy case was initiated on November 13, 1990, by the filing of a voluntary chapter 7 petition in bankruptcy. The discharge of the debtor was granted on March 11, 1991 and the file closed on March 15, 1991.

On November 13, 1990, during the pendency of the bankruptcy, the Chancery Court of Hempstead County entered a judgment and decree of foreclosure against the debtor and in favor of the creditors First National Bank of Hope and Linda Quillin. The sale of the debtor's property occurred after the date of discharge. The debtor sought to reopen this case in order to void the Chancery Court decree on the grounds that the decree was a violation of the automatic stay imposed by Bankruptcy Code section 362(a). Upon entry of an Order denying the motion to reopen, the debtor filed a Motion for Reconsideration. No dates or even approximations of time were given. The sole basis stated in the motion for reconsideration is that the debtor "only recently" learned of the matters set forth in the motion to reopen. On June 26, 1992, the trustee, Robert Godwin, the Chapter 7 Trustee, filed an "Objection to Application to Reopen Closed Case and Motion for Reconsideration."

The Bankruptcy Code provides that a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); Fed. R.Bankr.Proc. 5010. Section 350(b) is not mandatory, but is within the discretion of the Bankruptcy Court. *In re Rhodes*, 88 B.R. 199, 200 (Bankr.E.D.Ark.1988).

While Rule 9024(1), Federal Rules of Bankruptcy Procedure, excepts a motion to reopen a case from the one year limitation prescribed in Rule 60(b), the *doctrine of laches* is applicable in determining whether such a motion should be granted. *See In re Nelson*, 100 B.R. 905, 906 (Bankr. N.D.Ohio 1989) ("Although no time limit is specified by the Bankruptcy Code during which a motion to reopen must be filed, such a motion must be brought within a reasonable time; laches may justify denial of such a motion."). The strong policy and purpose of the bankruptcy laws in ensuring "prompt and effectual administration and settlement of the estate" requires that an interested person, including the debtor, act promptly to preserve its rights. *Virgin*

*Islands Bureau of Internal Revenue v. St. Croix Hotel Corp. In re St. Croix Hotel Corp.*, 60 B.R. 412, 414 (D.V.I.1986), *aff'd*, 867 F.2d 169 (3d Cir.1989). The longer a party waits to request that a case be reopened, the greater the burden in demonstrating that cause exists to reopen the case. *White v. Boston (In re White)*, 104 B.R. 951, 958 (S.D.Ind.1989).

 The Court finds that this motion comes too late to reopen the case. Fourteen months passed between the closing of the bankruptcy case and the filing of the motion to reopen. The debtor has offered no reason why the motion was filed so late.[1] Mere inattention or neglect is not a basis to reopen a case. *St. Croix Hotel Corp.*, 60 B.R. at 414. Judgment by the state court was rendered eighteen months ago and it appears from the debtor's motion that sale of the property has already occurred.

The assertion that he was not aware until "recently" that his property was sold is incredible. The debtor was represented during the foreclosure action which concluded at approximately the same time as the bankruptcy was filed. The time of the filing of a petition in bankruptcy is a time when the debtor, as well as his creditors, must closely assemble and scrutinize assets and liabilities, and make decisions with regard to each. It is apparent from the debtor's assertions that he failed in this duty. Thus, even if the Court were to give any credulity to the assertion of the "recent" discovery of the sale, laches yet precludes reopening the case. It was incumbent upon the debtor to attend to his affairs. This he apparently failed to do.

Secondly, as argued by the trustee, reopening the case would have no effect. Upon discharge of the debtor in chapter 7, the automatic stay is no longer in effect. Thereafter the mortgagee had the right to proceed with its foreclosure action. The Chancery Court docket indicates that prior to the time the bankruptcy case was filed, the debtor had already agreed to fore-

closure. Accordingly, there is no indication that voiding the decree, which had been entered just after the filing of the petition in bankruptcy, would effect any relief to the debtor. Upon discharge, the mortgagee would simply have obtained its decree at that time.

ORDERED that the Motion For Reconsideration, filed on June 26, 1992, by the debtor is DENIED.

IT IS SO ORDERED.

---

**1.** The debtor asserts that he did not receive notice of the sale. There is no indication, however, that he did not receive notice of the judg-ment. Further, it was incumbent upon the debtor to file a motion to reopen the case promptly upon learning of the sale.