**In re Fred Maxey CLONINGER III.**

**Bankruptcy No. 95–41389 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

May 29, 1997.

John D. Garnett, Little Rock, AR, for petitioner.

R.J. Brown, Little Rock, AR, for defendant/debtor.

### ORDER DENYING MOTION TO REOPEN

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon John J. Hamilton, III's, Motion to Reopen Chapter 7 Petition, filed on December 9, 1996, and the debtor's Motion for Sanctions, filed on or about December 16, 1997. This

bankruptcy case was filed on May 19, 1995. The first meeting of creditors, held pursuant to 11 U.S.C. § 341(a) was scheduled for June 20, 1995, with Hamilton's attorney attending.[1] The meeting was continued to July 11, 1995, and again rescheduled for August 22, 1995. It was not until December 15, 1995, however, that the debtor appeared at a section 341(a) meeting. Hamilton was present at that meeting, representing himself. There is no dispute that Hamilton received notice of the bankruptcy case and, in fact, has participated in these proceedings. Thus, it is undisputed that Hamilton had knowledge of the case. *See* 11 U.S.C. § 523(a)(3).

The last date to file a complaint objecting to the dischargeability of a debt or to debtor's discharge was August 21, 1995. Fed. R. Bankr.Proc. 4004, 4007. Hamilton filed a motion to extend the time for filing objections to discharge on August 21, 1995, which motion was granted to September 21, 1995. A second extension was granted to October 21, 1995, and a third "up to and including December 21, 1995." Accordingly, any complaint to object to the debtor's discharge, or motion requesting an extension of that deadline, was required to be filed by that date, a Thursday. On Friday, December 22, 1995, one day past the deadline, Hamilton filed another Motion to Extend Time to File Objection to Discharge, an action under section 727 of the Bankruptcy Code. No creditor, including Hamilton, ever requested an extension of time to file a complaint objecting to the dischargeability of a debt. Hamilton never filed either a complaint objecting to discharge under section 727(a) or a complaint to determine the dischargeability of a debt under section 523(a).

On August 31, 1995, Hamilton filed a motion for relief from stay, apparently to proceed against collateral securing a debt owed to Hamilton. An order prepared by Hamilton's attorney was submitted lifting the automatic stay and permitting Hamilton to proceed in state court against the collateral securing the debt.[2] Apparently, Hamilton

obtained an *in rem* judgment against the property on September 9, 1996. The debtor received a discharge on September 4, 1996. The motion to reopen, filed three months later, seeks to reopen the case to adjudicate the dischargeability of the creditor Hamilton's judgment. Although the motion does not reference the appropriate Code section, the court notes that dischargeability determinations are made pursuant to section 523(a)(3). The debtor responded to the motion and seeks sanctions against Hamilton for violating the discharge injunction in obtaining the judgment in state court.

■ Bankruptcy Code section 350(b) provides that a case "may be reopened in the court in which such case was closed ... to accord relief to the debtor, or for other cause." Section 350(b) is not mandatory, but is within the discretion of the Bankruptcy Court. *In re Rhodes*, 88 B.R. 199, 200 (Bankr.E.D.Ark.1988). It is the movant's burden to demonstrate that cause exists for the reopening of a case. *In re Winburn*, 196 B.R. 894, 897 (Bankr.N.D.Fla.1996). Hamilton has shown no cause for reopening this case. While he seeks to determine the dischargeability of the debt, it is clear from the record that the debt was discharged and that there are no grounds, either asserted or existing, that the debt still exists. If it does exist, it was discharged when the discharge of debtor was filed and entered.

■ First, Hamilton states no grounds by which to contest the dischargeability of the debt. This failure alone is a failure to meet his burden of demonstrating cause to reopen the case. Second, there are no grounds outlined in section 523(a) under which Hamilton could conceivably proceed. The time to file a complaint objecting to dischargeability of a debt under section 523(a)(2), (4), or (6), has long passed. 11 U.S.C. § 523(c); Fed. R. Bankr.Proc. 4007. Moreover, the ability to proceed under any of these subsections cannot be resurrected pursuant to section 523(a)(3) because the debt

---

1. Hamilton was initially represented by counsel who attended some of the scheduled first meetings. Later, Hamilton filed motions *pro se*. He is represented by counsel in this contested matter.

2. Although the Order references a motion for relief from stay filed on December 12, 1995, there is no such motion in the court file.

was listed and Hamilton indisputably had knowledge of the bankruptcy proceedings. There is not presented, nor does there appear to exist, any means by which this debt could be held to be nondischargeable in the bankruptcy proceeding. Accordingly, there is no cause to reopen the case in order for Hamilton to file a complaint to determine the dischargeability of the debt.

■ The debtor requests sanctions on the basis that Hamilton proceeded improperly by obtaining a judgment in state court in violation of the discharge injunction. However, Hamilton specifically sought and obtained relief from stay to proceed in state court. Further, although debtor's personal liability for the debt was discharged, an *in rem* judgment against the collateral was proper. Personal liability for a deficiency, if any, cannot now be collected and it is too late to litigate dischargeability. Based upon the foregoing, it is

**ORDERED** as follows:

1. John J. Hamilton, III's, Motion to Reopen Chapter 7 Petition, filed on December 9, 1996, is DENIED.

2. The debtor's Motion for Sanctions, filed on or about December 16, 1997, is DENIED.

**IT IS SO ORDERED.**