**In re Michael/Nicole KAPSIN, Debtors.**

**No. 99–30213.**

United States Bankruptcy Court,
N.D. Ohio.

May 29, 2001.

J.T. Stelzer, Bryan, OH, for debtors.

John N. Graham, Toledo, OH, Interim Trustee.

## DECISION AND ORDER

RICHARD L. SPEER, Chief Judge.

The Debtors in the instant case have asked the Court to reopen their bankruptcy case for the sole purpose of filing an adversary complaint to determine the dischargeability of a student loan debt which was listed in the Debtors' bankruptcy petition. Section 350(b) of the Bankruptcy Code governs the Debtors' request and provides that, "[a] case maybe reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." In support of their request to reopen their bankruptcy case, the Debtors contend that since the time their bankruptcy case was administratively closed, a change in circumstances has occurred which now merits bringing a complaint to determine the dischargeability of their student loan debt under 11 U.S.C. § 523(a)(8). The specific facts which give rise to the Debtors' request are briefly as follows:

On January 22, 1999, the Debtors petitioned this Court for relief under Chapter 7 of the United States Bankruptcy Code. At the time the Petition was filed, the Debtors had one minor child and the Debtor, Michael Kapsin, was employed by an Auto Care Center in Defiance, Ohio. In their bankruptcy petition, the Debtors listed a student loan debt of Six Thousand Seven Hundred Twenty-five dollars ($6,725.00). According to the Debtors, they did not pursue a complaint to determine the dischargeability of this debt "for the reason that, *at that time*, sufficient facts did not exist which would justify the Court finding an 'undue hardship' to allow the educational loan to be discharged as allowed under Bankruptcy Code Section 523(a)(8)." (Debtor's Memorandum in Support of Motion to Re–Open Case, at pg. 2)

On May 1999, an Order of Discharge was entered by the Court, discharging the Debtors from all their dischargeable debts. Approximately six months after the occurrence of this event, the Debtor, Mr. Kapsin, lost his job when the Auto Care Center he was working for went out of business. Since that time, Mr. Kapsin has been able to secure new employment; however, during the interim period of time—which lasted about a year and a half—the Debtors moved a total of three times to various locations throughout Northwest, Ohio. Also during this same period of time, Mrs. Kapsin, as the result of a new pregnancy, experienced significant health problems which resulted in increased out-of-pocket medical and healthcare costs for the Debtors.

## LEGAL DISCUSSION

Section 350(b), as previously enumerated, permits a bankruptcy case to be reopened for one of three reasons: to administer estate assets; to accord relief to the debtor; or for other cause. Beyond these reasons, however, no particular criteria are set forth as to when a case should or should not be reopened. As a result, motions to reopen cases are decided on a case by case basis. In this regard, case

law clearly holds that "section 350(b) confers upon the bankruptcy court broad discretion in determining whether to reopen a case and its decision to grant or deny a motion to reopen is binding, absent a clear abuse of discretion." *Mead v. Helm,* No. 88–1015, 1989 WL 292, at *3 (6th Cir. Jan. 4, 1989) *citing In re Rosinski,* 759 F.2d 539, 540–41 (6th Cir.1985); *see also In re Blossom,* 57 B.R. 285, 287 (Bankr. N.D.Ohio 1986).

■ In exercising its discretion to reopen a bankruptcy case, a bankruptcy court is to consider the equities of each case with an eye toward the principles which underlie the Bankruptcy Code. *Mendelsohn v. Ozer,* 241 B.R. 503, 506 (E.D.N.Y.1997). In this regard, § 350 has been liberally applied to accord debtors needed relief in situations where no prejudice will likely befall the effected party. *In re Rettemnier,* 113 B.R. 757, 759 (Bankr.S.D.Fla.1990). For example, debtors have frequently been permitted to reopen their bankruptcy case in order to avoid a lien pursuant to 11 U.S.C. § 522(f). *See, e.g., In the Matter of Caicedo,* 159 B.R. 104, 105–06 (Bankr.Conn.1993) (lien avoidance is a sufficient cause to reopen a case; a debtor need not advance additional good cause for reopening); *In re McDonald,* 161 B.R. 697, 698 (D.Kan.1993) ("debtors may be allowed to reopen their bankruptcy cases in order to file section 522(f) motions unless equitable considerations dictate otherwise."). Nonetheless, § 350 does not grant an individual debtor an absolute right to reopen his or her bankruptcy case. Instead, the use of the word "may" in § 350 exhibits a clear Congressional intent that under certain circumstances a bankruptcy case should remain closed. *See In re Jackson,* 144 B.R. 852 (Bankr.W.D.Ark.1992) (section 350(b) is not mandatory, but is within the discretion of the bankruptcy court).

■ With these principles in mind, the Court begins by observing that in a situation such as this, where a debtor seeks to reopen a case in order to pursue a complaint to determine the dischargeability of a particular debt, two conflicting bankruptcy policy considerations are necessarily implicated: the bankruptcy policy of providing a deserving debtor with a fresh start; and the bankruptcy policy of providing, in an expedient manner, "finality" to those disputes which arise between debtors and creditors. In this regard, the Debtors vehemently argue that given the change in their financial circumstances, their need to obtain a fresh start far outweighs any concerns of finality vis-a-vis the creditor(s) holding the Debtors' student loan obligations. In the actual words of the Debtors:

> In the present case, the debtors have come to this Court approximately one and a half years after the Order of Discharge and have requested this Court to re-open their case. The evidence would show that a significant change in the circumstances of the parties has occurred which would justify the re-opening of the case. Specifically, at the time the Order of Discharge was granted, the debtors' ability to re-pay the educational loan in question was significantly better than at the present time and no 'undue hardship' could have been established at that time. The evidence will further show that, through no fault of the debtors, their situation has changed and, as a result of that change, their ability to pay the educational loan has been significantly affected.

(Debtor's Memorandum in Support of Motion to Re–Open Case, at pg. 4–5). The Court nevertheless has significant concerns with the above-stated position put forward by the Debtors; these concerns can be summed up as follows:

First, if a change of circumstances were, standing alone, sufficient to reopen a case for the sole purpose of discharging a student loan obligation, then any debtor who filed for bankruptcy relief could at any time—say even ten or twenty years later—invoke the jurisdiction of this Court for solely that purpose. This, of course, would create the anomalous situation of a perpetual Chapter 7 case, and thus would render superfluous, for purposes of a student loan obligation, paragraph (a) of § 350 which provides that, "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."

■ An additional difficulty the Court has with the position taken by the Debtors is that under § 523(b), a debtor in a subsequent bankruptcy may bring an action to determine the dischargeability of a student loan debt, notwithstanding the fact that either no action was brought in the prior bankruptcy to determine the dischargeability of the student loan debt,[1] or that in the previous bankruptcy a specific finding was made as to the nondischargeability of the debtor's student loan obligation. Specifically, 11 U.S.C. § 523(b) provides that:

> Notwithstanding subsection (a) of this section, a debt that was excepted from discharge under subsection (a)(1), (a)(3), or (a)(8) of this section, under section 17a(1), 17a(3), or 17a(5) of the Bankruptcy Act, under section 439A of the Higher Education Act of 1965, or under section 733(g) of the Public Health Service Act in a prior case concerning the debtor under this title, or under the Bankruptcy Act, is dischargeable in a case under this title unless, by the terms of subsection (a) of this section, such debt is not dischargeable in the case under this title.

The purpose of § 523(b) is to make dischargeable those debts that were not discharged in a prior case, but which would have been discharged had the prior case been filed at a later time. *Saler v. Saler (In re Saler)*, 205 B.R. 737, 749 (Bankr. E.D.Pa.1997), *aff'd*, 217 B.R. 166 (E.D.Pa. 1998). Thus, given this purpose, to now adopt the position that a bankruptcy case, solely on the basis of a change of circumstances, may be reopened to determine the dischargeability of student loan obligation would greatly weaken the statutory mechanism Congress has set up under § 523(b) to handle such matters. Compare *Sobh v. Empire of America (In re Sobh)*, 61 B.R. 576, 579 (E.D.Mich.1986) (holding that while § 523(b) allows for a redetermination of a discharge of a student loan obligation in a subsequent petition, it does not foreclose a redetermination under the same petition). In the same vein, adopting the position put forth by the Debtors would circumvent many of the safeguards which are inherent in § 523(b), and thus increase the potential for abuse. For example, in order to receive a discharge of the types of debts described in § 523(b), a debtor must again file for bankruptcy relief and thereby submit all of his or her property to the bankruptcy estate. On the other hand, when a debtor simply reopens a case under § 350(b), no new estate is created, and only that property previously subject to the jurisdiction of the court is implicated.

Therefore, based upon the foregoing policy considerations, the Court, after considering the equities of this case, does not

---

1. Section 523(a)(8) is self executing, thus a creditor is not required to bring a dischargeability action to have its debt held nondischargeable. Rather, it is incumbent upon the debtor to bring an action to determine the dischargeability of his or her student loan debt. *Barciz v. Farmers Citizens Bank (In re Barciz)*, 123 B.R. 771, 773 (Bankr.N.D.Ohio 1990) (citing the legislative history of § 523(a)(8)).

find that the need to have finality in the Debtors' bankruptcy case is outweighed by the Debtors' possible need to have their student loan obligations discharged on the basis of undue hardship under 11 U.S.C. § 523(a)(8). As a consequence, the Debtors' Motion to Reopen their bankruptcy case must be Denied. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly,

**ORDERED** that the Motion of the Debtors, Michael and Nicole Kapsin, to Reopen their Chapter 7 Case for the Purpose of Filing a Complaint to Determine the Dischargeability of a Student Loan Debt, be, and is hereby, DENIED.