**In re Beverly J. BUGOS, Debtor.**

**Beverly J. Bugos, Plaintiff,**

**v.**

**MIT Bursar's Office, Defendant.**

**Bankruptcy No. 98–16559–RGM.
Adversary No. 01–1174.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Jan. 13, 2003.

Maureen Elaine O'Malley, Herndon, VA, for Debtor.

Robert Ogden Tyler, Tyler, Bartl, Gorman & Ramsdell, P.L.C., Alexandria, VA, trustee.

## MEMORANDUM OPINION

ROBERT G. MAYER, Bankruptcy Judge.

THIS CASE is before the court on the complaint of Beverly J. Bugos to discharge certain student loans.

Beverly J. Bugos filed a voluntary petition in bankruptcy pursuant to chapter 7 of the United States Bankruptcy Code in this court on September 4, 1998. The case was closed on December 22, 1998. On August 13, 2001, the debtor filed a motion seeking to reopen the case to file a complaint to determine the dischargeability of student loans. The motion was withdrawn by the debtor on August 17, 2001. Notwithstanding the fact that the case had not been reopened, the debtor filed a complaint on August 31, 2001, which is presently before the court. Trial was held on August 22, 2002. The court requested briefs with respect to the delay in seeking a dischargeability determination.

There is little case law on this subject: however, the two principal cases appear to be *In re Jones*, 242 B.R. 321 (Bankr.E.D.Va.1998)(Shelley, J.) and *In re Kapsin*, 265 B.R. 778 (Bankr.N.D.Ohio 2001). Initially, the debtor sought to have a determination that the student loans were discharged under the pre–1998 amendments to the Bankruptcy Code which permitted automatic discharge of student loans after seven years. That rule was changed in 1998 and is not applicable. The debtor now seeks to pursue this matter under the undue hardship provision.

There needs to he some reasonable relationship of the undue hardships to the time when the bankruptcy case was filed. Here, the evidence relates primarily to post-petition events. There are new debts principally to American Express in the approximate amount of $36,000.00. There are also post-petition assets, a condominium which has about $60,000.00 in equity. In addition, the debtor was employed on a full-time basis with Cable & Wireless after the filing of the petition in bankruptcy. Her employment was for the period from 1999 through 2000. She continued to receive income from the company while she was on leave from 2000 to 2001 and thereafter received disability payments. She was involved in two car accidents, one that preceded the bankruptcy and the other which post-dated the bankruptcy. The second accident was in 1999. Apparently, this accident did not disable the debtor because she continued to work at Cable & Wireless earning a significant income during that period of time. The debtor asserts that there is a relationship between the injuries from the car accidents and certain conditions which she now has. However, there was no medical testimony at the trial. The court was presented with only her statements of her condition. She is not a physician or trained in medical matters. While she can describe her symptoms, relating them to a particular

accident or predicting whether they will substantially disable her for a substantial period of time is beyond her knowledge, background, and expertise.

The court is satisfied that if a dischargeability complaint had been brought when the bankruptcy was filed in 1998, that the debts would have been determined to be non-dischargeable. There is no evidence that at the end of 1998 the debtor would not have been able to support herself at that time or in the projected future. In fact, as events unfolded, she was able to support herself and had a significant income, approximately $85,000.00 for several of those years. She was able to obtain a fresh start and purchase a condominium which resulted in significant equity.

It is not appropriate for the court to reopen the case to grant relief on undue hardship for circumstances that arose after the filing of the petition and that were not foreseeable at that time. As indicated in *Kapsin*, the court does not obtain lifetime jurisdiction over the debtor. The jurisdiction of the court is limited to the timeframe within which she filed the petition. Absent facts or circumstances that relate the present conditions to the time when the petition was filed, the court should not grant relief.

In this case, if relief were granted, it would permit the debtor to retain a valuable asset without paying a significant obligation. The dischargeability provisions with respect to student loans were intended to permit student loans that did not create undue hardships at the time of the filing of the petition to be repaid by the debtor. This one can be repaid and should be repaid from the present assets the debtor has.

### ORDER

THIS CASE was before the court on August 22, 2002, on the complaint of Beverly J. Bugos to determine the dischargeability of certain student loans. The court requested briefs. The debtor did not file a brief. Educational Credit Management Corporation did file a brief. For the reasons stated in the accompanying memorandum opinion; it is

ORDERED that the complaint be and is hereby dismissed without prejudice because the case was not re-opened.