**In re Stephanie Hall ROOT a/k/a Stephanie Hall Krause (now Stephanie Hall Lawrence), Debtor.**

**No. 90–42445–DRD.**

United States Bankruptcy Court, W.D. Missouri.

Dec. 17, 2004.

---

W. Christopher Hodge, Knob Noster, MO, for Debtor.

*MEMORANDUM OPINION*

DENNIS R. DOW, Bankruptcy Judge.

The matter before the Court is the Motion to Reopen Chapter 7 Proceedings to File Adversary Action to Determine Dischargeability of Student Loans ("Motion") filed by Debtor Stephanie Hall Root ("Debtor"). The Motion is opposed by the United States Department of Education ("Department"), which now holds the Debtor's loans, having reinsured the guarantor of the original lender. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b). This is a core proceeding which this Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(A). The following constitutes my findings of fact and conclusions of law in accordance with Rules 9014(c) and 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court denies the Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Debtor filed this Chapter 7 proceeding on September 27, 1990, and received a discharge on February 7, 1991. The case was closed on that same date. No complaint to determine the dischargeability of Debtor's student loans was filed at any time before the case was closed. Debtor now seeks to reopen the case to file an adversary complaint to determine the dischargeability of her student loans. The Department, which now holds the loans, has objected on the grounds that the complaint would not be filed within a reasonable period of time after the grant of the Debtor's discharge. The Department also asserts that it would be unfair to single out the Department and grant a discharge of this debt while the Debtor pays her other creditors and does not subject her assets to bankruptcy court jurisdiction. The Department notes that she is eligible to file and receive a general discharge in a new Chapter 7 proceeding at this point given the lapse of time since the entry of an order of discharge earlier in this case. For the reasons set forth below, the Court agrees with the Department and will deny the Motion.

## II. DISCUSSION

■ Under § 350(b) of the Bankruptcy Code, the Court may reopen a case for cause, including to accord relief to the debtor. 11 U.S.C. § 350(b). The party seeking to reopen the case has the burden of demonstrating cause. *In re Cloninger,* 209 B.R. 125, 126 (Bankr.E.D.Ark.1997). The longer the time since the closing of the case, the greater the burden in demonstrating that cause exists to reopen the case. *In re Jackson,* 144 B.R. 853, 854–55 (Bankr.W.D.Ark.1992) (finding strong policy and purpose of bankruptcy laws in ensuring "prompt and effectual administration and settlement of the estate" requires that an interested person, including the debtor, act promptly to preserve its rights). Whether a motion to reopen should be granted is a matter committed to the discretion of the court. *Arleaux v. Arleaux,* 210 B.R. 148, 149 (8th Cir. BAP 1997); *In re Burns,* 306 B.R. 274, 279 (Bankr.E.D.Mo.2004); *In re Kapsin,* 265 B.R. 778, 780 (Bankr.N.D.Ohio 2001). The court should consider all the equities of the case in determining whether to grant the motion. *Kapsin,* 265 B.R. at 780. Here, while the Court does not opine on the merits of the proposed complaint, it does feel that the complaint has not been brought within a reasonable period of time since the entry of the order of discharge. The passage of 13 years since the entry of that order attenuates the relationship between the discharge and the circumstances affecting the determination of undue hardship so much as to make it unreasonable to entertain the complaint now.

■ The provisions of § 523(a)(8) operate as an exception to an exception to the debtor's discharge. Ordinarily, a student loan of the kind described in that section survives the general discharge granted to the debtor. The debtor can, however, avoid that result by demonstrating that repayment of the loan would impose an undue hardship. That determination necessarily requires that the court focus on the debtor's circumstances at or near the time of the entry of the order of discharge. The Eighth Circuit recently so held in *Bender v. Educational Credit Management Corporation (In re Bender),* 368 F.3d 846, 848 (8th Cir.2004). Although the holding in *Bender* was rendered in a Chapter 13 context and is based in part on considerations of ripeness in that the complaint was filed long before a discharge might be entered, it nonetheless reflects the view that the issue to be resolved in determining the dischargeability of a stu-

dent loan is whether there is hardship at the time of discharge and that the court must make that determination in light of the debtor's circumstances at that time. *Bender*, 368 F.3d at 848 ("the factual question is whether there is hardship at the time of discharge, not whether there is undue hardship at the time a § 523(a)(8) proceeding is commenced.")

Other courts have reached the same conclusion in Chapter 7 cases in response to debtors' attempts, long after the entry of the discharge order, to litigate the hardship determination for the first time. For example, in *Bugos v. MIT Bursar's Office (In re Bugos)*, 288 B.R. 435 (Bankr. E.D.Va.2003), the debtor filed a motion to reopen her case to file a dischargeability complaint on a student loan more than two and one-half years after her discharge. The court denied the motion observing that "there needs to be some reasonable relationship of the undue hardships to the time when the bankruptcy case was filed." *Bugos*, 288 B.R. at 435.

In this case, the relationship between the discharge granted to the Debtor and her present situation is even more tenuous. It has been more than 13 years since the Court entered an order discharging the Debtor of her debts. It is entirely likely that Debtor's income and expenses, assets and liabilities and other circumstances are entirely different than they were at the time the Court entered an order discharging her from her debts. Debtor offers the Court no explanation for not having filed a complaint at or near the time of her discharge and no reason for seeking to do so at this time other than the recent interception of her tax refund. Even if a change in circumstances were an appropriate ground for reopening her case to seek a determination of undue hardship, Debtor offered the Court no evidence of such change. Her present Motion appears to have been prompted by the fact that the Department has acted again to enforce its rights to collect on the unpaid balance of her loans.

Similarly, in *Kapsin*, the court denied the debtors' motion to reopen their case to litigate the dischargeability of a student loan approximately 18 months after their discharge. The court based its ruling in part on its concern about the need for finality and the prospect of perpetual bankruptcy court jurisdiction over the debtors' case. *Kapsin*, 265 B.R. at 781. Additionally, the court noted that the Code addresses the situation by offering a debtor the opportunity to commence a dischargeability proceeding in a subsequent case regardless of whether a complaint was filed in the first case. Section 523(b) provides that a debtor may bring an action to determine dischargeability of a debt in a subsequent bankruptcy case notwithstanding the fact that the debtor either did not act in the prior case to obtain such a ruling or that the court held in the prior case that the debt was nondischargeable. 11 U.S.C. § 523(b); *Kapsin*, 265 B.R. at 781.

Given the passage of time, the Debtor in this case would not be denied a discharge by reason of the discharge order in this case more than 13 years ago. *See* 11 U.S.C. § 727(a)(8) (discharge denied if discharge granted in prior case filed within six years of filing of current case). The Debtor is therefore not without remedy. She may file a new bankruptcy case and commence an adversary proceeding to obtain an undue hardship determination based upon her present circumstances. This approach also has the effect of not singling out the Department for a discharge while the Debtor's other current creditors are unaffected and Debtor subjects none of her assets to the jurisdiction of the Bankruptcy Court.

For all the reasons articulated above, the Court denies the Debtor's Motion to

Reopen Chapter 7 Proceedings to File Adversary Action to Determine Dischargeability of Student Loans.

A separate Order will be entered in accordance with Bankruptcy Rule 9021.