**In re THE CARBIDE GRAPHITE GROUP, INC., et al., Debtor.**

**Official Committee of Unsecured Creditors on Behalf of the Carbide Graphite Group, Inc., Plaintiff,**

**v.**

**Aetna, Inc. d/b/a Aetna U.S. Healthcare, Inc., U.S. Healthcare, Inc., and United States Health Care Systems, Inc., Defendant.**

**Bankruptcy No. 01–29744–MBM.
Adversary No. 03–2753–MBM.**

United States Bankruptcy Court,
W.D. Pennsylvania.

March 3, 2006.

---

John M. Steiner, Pittsburgh, PA, for the Unsecured Creditors Committee.

Byron W. King, Pittsburgh, PA, for Aetna, Inc.

### MEMORANDUM OPINION

M. BRUCE McCULLOUGH, Bankruptcy Judge.

Aetna, Inc. (hereafter "Aetna"), the instant defendant, brings its Motion for Re-

lief from a Default Judgment to obtain relief from a $235,941.52 default judgment entered against it in the instant adversary proceeding on December 11, 2003 (hereafter "the Default Judgment"). Aetna did not file such motion until November 9, 2005, or nearly two years after the entry of the Default Judgment. Can the Court now grant the relief sought by Aetna? For the reasons set forth below, the Court is constrained to deny Aetna's motion for relief from the Default Judgment.

### DISCUSSION

Relief from a default judgment can only be obtained "in accordance with Rule 60(b)"—i.e., Fed.R.Civ.P. 60(b). *See* Fed. R.Civ.P. 55(c), 28 U.S.C.A. (West 1992); Fed.R.Bankr.P. 7055, 11 U.S.C.A. (West 2005) (making Rule 55 applicable to adversary proceedings). Aetna appears to argue that it is entitled to relief from the Default Judgment via (a) Rule 60(b)(1) on the basis of its own "mistake, inadvertence, ... or excusable neglect," (b) Rule 60(b)(3) on the basis of fraud by the instant debtor precedent to the Unsecured Creditors Committee's bringing of the complaint that commenced the instant adversary proceeding, (c) Rule 60(b)(4) on the basis that the Default Judgment is null and void, and (d) Rule 60(b)(6) on the basis that other rea-

sons justify relief from operation of the Default Judgment.

Unfortunately for Aetna, Rule 60(b) itself makes clear that relief from a default judgment may be obtained via Rule 60(b)(1)—(3) only if one moves for such relief within the first year after such default judgment was entered. *See* Fed. R.Civ.P. 60(b), 28 U.S.C.A. (West 1992).[1] Because Aetna brings its motion for relief well outside of such one-year period relative to the entry of the Default Judgment, Aetna is foreclosed from receiving any relief via Rule 60(b)(1)—(3). Recognizing as much, Aetna doggedly contends that such one-year limitation contained in Rule 60(b) is inapplicable to its motion for relief. Aetna takes such position by (a) arguing, in turn, that its motion is one to reopen a case under the Code, and (b) pointing the Court to Fed.R.Bankr.P. 9024(1), which rule, in addition to making Rule 60 applicable to adversary proceedings, excepts from Rule 60(b)'s one-year limitation "a motion to reopen a case under the Code," Fed. R.Bankr.P. 9024, 11 U.S.C.A. (West 2005).[2]

 Unfortunately for Aetna, its motion for relief from the Default Judgment is not a motion to reopen a case under the Code. The Court so concludes for several reasons. First, "a motion to reopen a case

---

**1.** The Court is prohibited from enlarging such one-year time period. *See* Fed.R.Bankr.P. 9006(b)(2), 11 U.S.C.A. (West 2005).

**2.** Aetna, in support of its present motion, also cites to Third Circuit case authority for the proposition that, at least within the Third Circuit, a party may obtain relief from a default judgment based upon an application of a three-part test wherein the following are considered: (1) "whether vacating the default judgment will visit prejudice on the plaintiff, [(2)] whether the defendant has a meritorious defense, and [(3)] whether the default was the result of the defendant's culpable conduct." *Harad v. Aetna Casualty and Surety Co.,* 839 F.2d 979, 982 (3rd Cir.1988) (citing *United*

*States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 195 (3rd Cir.1984)). However, the Court does not understand Aetna to argue that satisfaction of such three-part test (a) represents a means for obtaining relief from a default judgment alternative to Rule 60(b), or (b) would allow Aetna to avoid the impact of the one-year limitation that applies to Rule 60(b)(1)—(3). To the extent that Aetna does so argue, it does so to no avail. *See, e.g., In re USN Communications, Inc.,* 288 B.R. 391, 394–96 (Bankr.D.Del.2003) (applying not only the Third Circuit's 3–part test for setting aside a default judgment but also Rule 60(b) and the one-year limitation that pertains to Rule 60(b)(1)—(3)).

under the Code" within the meaning of Bankruptcy Rule 9024(1) refers to a motion to reopen a bankruptcy case, not a motion to reopen an adversary proceeding. *See* 10 *Collier on Bankruptcy*, ¶ 9024.04 at 9024–5 (Bender 2005); *see also* Fed. R.Bankr.P. 9024 advisory committee note ("Motions to reopen cases are governed by Rule 5010"); Fed.R.Bankr.P. 5010 advisory committee note (referencing 11 U.S.C. § 350(b) when discussing reopening of cases); H.R.Rep. No. 95–595, at 338 (1977) & S.Rep. No. 95–989, at 49 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6294, 5787, 5835 (expressly stating that 11 U.S.C. § 350 deals with the closing and reopening of a *bankruptcy* case); *In re Southern Industrial Banking Corp.*, 189 B.R. 697, 702 (E.D.Tenn.1992) (" 'case' is a term of art in bankruptcy practice" and "is to be distinguished from the adversary proceeding"); *In re KZK Livestock, Inc.*, 221 B.R. 471, 476 n. 3 (Bankr.C.D.Ill.1998) (same); *In re James*, 300 B.R. 890, 896–97 (Bankr.W.D.Tex.2003) (same). Because Aetna concededly seeks not to reopen the instant bankruptcy case—there would be no need to since such case has never been closed—its present motion for relief cannot be characterized as "a motion to reopen a case under the Code" within the meaning of Bankruptcy Rule 9024(1). Second, and more importantly, even if "a motion to reopen a case under the Code" can be taken under Bankruptcy Rule 9024(1) to also mean a motion to reopen an adversary proceeding, such language most certainly cannot be strained to also mean a motion, as is presently brought by Aetna, to obtain relief from a default judgment entered within such adversary proceeding. *See In re Woodcock*, 315 B.R. 487, 494 (Bankr. W.D.Mo.2004).

Therefore, Aetna is foreclosed from receiving any relief via Rule 60(b)(1)—(3).[3]

 As for Aetna's request for relief via Rule 60(b)(6), the Court notes that the Third Circuit "ha[s] long held in this circuit that '[r]ule 60(b)(6) is available only in cases evidencing extraordinary circumstances.' " *Lasky v. Continental Products Corp.*, 804 F.2d 250, 256 (3rd Cir.1986) (citing *Stradley v. Cortez*, 518 F.2d 488, 493 (3rd Cir.1975)); *see also, e.g., Marshall v. Bd. of Education, Bergenfield, New Jersey*, 575 F.2d 417, 425–426 (3rd Cir.1978) (quoting from *Vecchione v. Wohlgemuth*, 558 F.2d 150, 159 (3rd Cir.1977), to the effect that Rule 60(b)(6) " 'provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances' "). Unfortunately for Aetna, the Court cannot find to be extraordinary the circumstances that surround either the entry of the Default Judgment or the belated filing by Aetna of its instant motion for relief therefrom. The Court so rules, in large part, because (a) Aetna concededly was properly served with a summons, a copy of the adversary complaint, and a copy of this Court's Pre–Trial Order that scheduled a pre-trial conference for December 11, 2003, yet Aetna failed to either file an answer or appear at such hearing, and (b) Aetna actually became aware of the entry of the Default Judgment within six days of its entry, yet Aetna waited for

---

**3.** The Court also rejects outright the suggestion by Aetna that it would be inequitable for the Unsecured Creditors Committee to be able to take advantage of the one-year limitation in Rule 60(b)(1)—(3) vis-a-vis Aetna's present motion while the Committee, at the same time, refrained from collecting on the Default Judgment until nearly two years had passed subsequent to its entry. The Court so rules because Rule 60(b) imposes such time limitation on Aetna regarding its Rule 60(b)(1) & (3) positions, whereas pertinent Pennsylvania law grants to the Committee a period of no less than twenty (20) years to pursue collection upon the Default Judgment, *see* 42 Pa. C.S.A. § 5529(a) (Purdon's 2006).

 

nearly two years thereafter before it filed the instant motion.[4]

 Finally, the Court rejects outright Aetna's strained contention that the Default Judgment is null and void. As the Court understands it, Aetna argues that the Unsecured Creditors Committee's commencement of the instant adversary proceeding to avoid as preferential a pre-petition transfer by the instant debtor to Aetna was somehow impermissible, outside the scope of the Committee's statutory authority, and thus *ultra vires,* so that any judgment rendered against Aetna thereon would necessarily be null and void. Aetna contends that the Committee's attempt to avoid as preferential the transfer in question to Aetna was impermissible because, argues Aetna in turn, (a) such transfer satisfied a pre-petition claim that Aetna would have otherwise had against the instant debtor, (b) such pre-petition claim, had it not been paid by virtue of such transfer, would have constituted a priority claim under § 507(a)(4), and (c) it is impermissible, as a matter of law, to seek to avoid as preferential an otherwise preferential transfer that satisfied what would have constituted, absent such transfer, a priority claim. The Committee's pursuit of a preference claim against Aetna was not impermissible as a matter of law, and Aetna's foregoing position thus fails, however, because, until Aetna raised as an affirmative defense its priority claim theory and this Court ruled favorably thereon, that the Committee's preference claim would have been unsuccessful is entirely speculative—put differently, the Committee's preference claim against Aetna was, on its face, entirely plausible, free from frivolity, and therefore neither impermissible, outside the scope of the Committee's

statutory authority, nor *ultra vires.* Consequently, the Default Judgment is not null and void, which means that it may not be set aside pursuant to Rule 60(b)(4).

## CONCLUSION

For all of the foregoing reasons, the Court shall deny with prejudice Aetna's motion for relief from the Default Judgment.

An appropriate order will be entered.

## ORDER OF COURT

**AND NOW,** this **3rd day** of **March, 2006,** for the reasons set forth in the accompanying Memorandum Opinion of the same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that Aetna's motion for relief from the Default Judgment is **DENIED WITH PREJUDICE.**

---

**4.** Given the foregoing, the Court finds that, were it necessary, the Court would be constrained to rule that Aetna's obvious neglect

was not even "excusable" within the meaning of Rule 60(b)(1).