**In re Ernest PIERRE, Debtor.**

**Ernest PIERRE, Plaintiff,**

**v.**

**NEW YORK STATE HIGHER EDUCATION SERVICES CORP., a New York corp., Defendant.**

**Bankruptcy No. 80–01323–BKC–JAG.
Adv. No. 81–0068–BKC–JAG–A.**

United States Bankruptcy Court,
S. D. Florida.

June 11, 1981.

Bernard I. Rappaport, Miami, Fla., for debtor.

Kaplan, Rapoport & Hodin, P. A., Miami, Fla., Frederick J. Schreyer, Albany, N. Y., for defendant.

## FINDINGS AND CONCLUSIONS

JOSEPH A. GASSEN, Bankruptcy Judge.

This case was tried on the complaint of the debtor, Ernest Pierre, against the New York State Higher Education Services Corporation, to determine the dischargeability of Pierre's student loan. It is conceded that Pierre is indebted to the defendant for a loan in the principal amount of $4,754, with interest at seven percent, made on or about November 1, 1978.

Under 11 U.S.C. § 523(a)(8), this debt is one excepted from discharge unless such exception will impose an undue hardship on the debtor and the debtor's dependents, as set forth in subsection (B). Whether or not there would be such undue hardship is the only issue in this case.

The testimony of Mr. Pierre regarding the reasons for his obtaining the loan and his present family circumstances and financial condition was unrebutted. Mr. Pierre is forty-one years old and was trained as a nurse in Trinidad. He is a registered nurse in New York state, but has not been li-censed in Florida. He used the loan proceeds to attend the first year of medical school in Santo Domingo. He did not work while attending medical school because his studies made it difficult, and the very low wages available in Santo Domingo made it economically unfeasible. He passed all of his first year courses except anthropology, and was accepted for the second year. However, after an investigation of the school at that time the government concluded that the school did not meet the necessary requirements, and government-funded student loans were suspended. The debtor thus had no source of funds and discontinued his schooling.

Since January 19, 1980, Mr. Pierre has been employed at the Veterans Administration Hospital in Miami as a graduate nurse and currently earns $15,500 annually, (net $526 biweekly). His salary will be increased by $600 next year in this job. He estimates that the maximum he might make in another job is $18,000, although he cannot work elsewhere until he is licensed in Florida. He expects to take the nursing examination in July, 1981, and after being licensed he will additionally be able to undertake private duty nursing at $8–$10 an hour.

Mr. Pierre is the father of six children, ages eighteen to five, the oldest of whom is in the army. He was divorced from his wife, the mother of his two older children, in 1970. He has been living with his present companion, whom he considers his wife, for about fourteen years.

His former wife, who is employed in New York, was awarded child support, although their two children now live with him. The court does not find credible the testimony that the debtor continues to pay his ex-wife $240 in child support (because she "took him to court") while also supporting the seventeen year old at home, and sending additional money to the eighteen year old in the army. At one point in his testimony, Mr. Pierre conceded that he was counting what he was giving to or spending on behalf of the two oldest children toward the $240, and that this was also part of the other

expenses set forth in Plaintiff's Exhibit No. 1. Mr. Pierre's present "wife" does not work.

The family's monthly expenses are shown on Plaintiff's Exhibit No. 1, the debtor's answers to interrogatories. They include $400 rent for a two bedroom apartment, $100 utilities, $400 food, $65 clothing, $40 health insurance and $33 other insurance. The debtor owns a 1974 Chevrolet Impala, and his monthly expenses include $150 for gasoline and $35 for car maintenance. The debtor does not use credit cards, and has not incurred any new debt since filing his petition.

This is the debtor's largest debt. He has never made any payments, and did not contact defendant prior to bankruptcy to make any arrangements about repayment.

The court concludes that repayment of the full debt under the financial conditions as they exist today for the debtor would impose a serious hardship. However, based on all the evidence, the court also concludes that the debtor's financial condition will improve shortly. After being licensed in Florida he will be able to increase his income. In a year his second child will have attained majority, and the debtor's support obligations to him will cease. The youngest child will then be of school age and the debtor's present "wife" may be able to find employment.

Counsel for defendant represented to the court that the New York State Higher Education Services Corp. would cooperate in arranging a convenient payment plan. Taking into consideration that the debtor's income should increase and his expenses decrease in the near future, the court concludes that there is not such an *undue* hardship as to require discharge of this student loan. However, the court recognizes that the debtor's financial circumstances may not develop as anticipated, and therefore will deny relief to the debtor without prejudice to his again seeking relief as permitted by Rule 409(a)(1), Rules of Bankruptcy Procedure, not later than June 10, 1985, if circumstances warrant it.

In accordance with Bankruptcy Rule 921(a), a separate Judgment incorporating these Findings and Conclusions is being entered this date.