### In re Charles Alvin SCOTT and Joyce Clark Scott.

### James SCOTT, Sr. and Dorothy M. Scott, Plaintiffs,

v.

### Charles Alvin SCOTT and Joyce Clark Scott, Defendants.

### Bankruptcy No. 9204754 WC. Adv. No. 9300053 WC.

United States Bankruptcy Court, S.D. Mississippi.

Aug. 8, 1995.

B. Blake Teller, Vicksburg, MS, for plaintiffs.

Robert L. Moran, Vicksburg, MS, for defendants.

## OPINION

EDWARD R. GAINES, Bankruptcy Judge.

Before the Court are the motion for relief from order and the motion to amend pleading filed by James and Dorothy Scott. Also before the Court is the motion to dismiss the motion for relief from order filed by Charles Alvin and Joyce Clark Scott. Having reviewed the pleadings and memoranda submitted by counsel for the parties, the Court concludes that the motion to dismiss the motion for relief from order should be granted, and the motion to amend pleading should be denied.

## I. FINDINGS OF FACT

1. A petition for relief under Chapter 7 was filed by Charles Alvin and Joyce Clark Scott on December 31, 1992.

2. A complaint objecting to discharge was filed by James and Dorothy Scott alleging false pretenses and false representations based on a judgment obtained against the debtors in California in 1991 in the amount of $94,959.50.

3. An order dismissing the adversary complaint was entered on February 24, 1994, for failure of the plaintiffs to file a memorandum of law as required by the Court.

4. The debtors' discharge was entered on September 13, 1994, and the bankruptcy case was closed.

5. On February 13, 1995, James and Dorothy Scott filed a motion to reopen the case indicating an intent to file a complaint to revoke discharge with a copy of a drafted complaint attached.

6. On March 22, 1995, approximately one day after the case was reopened, James and Dorothy Scott filed a motion for relief from order requesting relief from the February 24, 1994, order that dismissed the adversary complaint objecting to discharge. The motion stated that the basis for the request was that the order was entered due to mistake, inadvertence, or excusable neglect in that the plaintiffs' legal representative was under the impression the matter was resolved, and that the defendants perpetrated fraud by representing that the debt had been forgiven.

7. Charles Alvin and Joyce Clark Scott filed a motion to dismiss the motion for relief claiming that the motion was not filed within

the one year time period required by Federal Rule of Civil Procedure 60(b).

8. A motion to amend pleading was subsequently filed by James and Dorothy Scott in which they asserted that the motion for relief from order related back to the motion to reopen the bankruptcy case and requested, in the alternative, that they be allowed to amend the motion to reopen pursuant to Federal Rule of Civil Procedure 15 to show that upon reopening they would file their motion for relief from order.

9. Briefs were filed by the parties on the issues and the matter was submitted to the Court for determination.

## II. CONCLUSIONS OF LAW

The matter before the Court is a core proceeding under 28 U.S.C. § 157. The Court has jurisdiction pursuant to 28 U.S.C. § 1334.

Rule 9024 of the Federal Rules of Bankruptcy Procedure provides that Rule 60 of the Federal Rules of Civil Procedure applies under the Bankruptcy Code, with certain limitations specified. Fed.R.Bankr.P. 9024. Rule 60(b), provides, in part, as follows:

**(b). Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; ... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken....

Fed.R.Civ.P. 60(b).

The motion for relief from order filed by James and Dorothy Scott was filed over a year after the order from which relief is sought was entered. Bankruptcy Rule 9006 provides as follows regarding enlargement of time:

**(b) Enlargement.**

.        .        .        .        .

(1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

(2) Enlargement not permitted. The court may not enlarge the time for taking action under Rules ... and 9024.

Fed.R.Bankr.Pro. 9006(b). Under this rule, enlargement of the time period for taking action under Rule 9024, which makes applicable Federal Rule of Civil Procedure 60, is not permitted, and excusable neglect is not available as grounds for enlargement.

■ The movants argue that the motion for relief from order relates back to the motion to reopen the bankruptcy estate which was filed within the one year time period after the order dismissing the adversary proceeding. The movants argue that, "Because the Motion for Relief from Order essentially seeks to do the same thing Plaintiffs expressed they wanted to do in their Motion to Reopen the Case, the Motion for Relief from Order relates back to and was essentially filed less than a year after the Complaint Objecting to Discharge was dismissed." Memorandum filed by James and Dorothy Scott June 9, 1995. However, the motion to reopen the bankruptcy case indicated that the movants desired to file a complaint for revocation of discharge. Instead, the movants filed a motion for relief from the order dismissing the previously filed complaint objecting to discharge. These two proceedings are totally separate causes of action and each would be based on a separate

set of circumstances, the original complaint objecting to discharge being based on allegations of fraud prior to the bankruptcy filing and relating to a California judgment, and the revocation of discharge action relating to allegations regarding fraud in the procurement of the discharge obtained in the bankruptcy proceeding. Therefore, the motion to reopen and the motion for relief from order do not, in fact, seek to do the same thing, and do not justify a relation back of pleadings. In the absence of further legal authority from the movants to justify such a relation back of pleadings, the Court concludes that the motion for relief from order does not relate back to the filing of the motion to reopen the bankruptcy estate.

■ James and Dorothy Scott have requested the Court, alternatively, to allow an amendment to the motion to reopen pursuant to Rule 7015 in order to indicate the intent to file the motion for relief from order with the amendment relating back to the date of the original pleading. Rule 7015 of the Bankruptcy Rules provides that Rule 15 of the Federal Rules of Civil Procedure is applicable in adversary proceedings. Rule 15 provides as follows, in pertinent part:

**Rule 15. Amended and Supplemental Pleadings.**

(a) **Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, or if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires ...

(c) **Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted. . . .

Fed.R.Civ.P. 15.

In *Starns v. Avent,* 96 B.R. 620 (M.D.La. 1989), the Court concluded the following in relation to amendments pursuant to Rule 15(c):

Even assuming the plaintiff's second amended complaint could be considered a Rule 60(b) motion, the Court must determine if the amendment can relate back to the original complaint. If the amendment can relate back, the alleged Rule 60(b) motion would have been filed within a year. Plaintiff contends that the motion relates back under Rule 15(c) of the Federal Rules of Civil Procedure ...

Rule 15(c) allows relation back of claims and defenses asserted in pleadings but does not allow relation back where motions are filed. Rule 7 carefully distinguishes pleadings from motions. The Fifth Circuit and other courts have specifically ruled that a motion is not a pleading for purposes of Rule 15(a). Since a motion cannot be considered as a pleading, a Rule 15(a) amendment cannot be used for bringing a motion and Rule 15(c) cannot be used to relate the motion back to the date of filing of the original pleading.

*Starns v. Avent,* 96 B.R. 620, 636–37 (M.D.La.1989); *aff'd* 891 F.2d 583 (5th Cir. 1990), *cert. denied,* 498 U.S. 819, 111 S.Ct. 64, 112 L.Ed.2d 39 (1990) (citations omitted). The Court concludes that the motion for relief from order does not relate back to the time of filing of the motion to reopen the bankruptcy case pursuant to Federal Rule of Civil Procedure 15(c). The Court determines that the debtors' motion to dismiss the motion for relief from order should be granted, and the motion to amend the motion to reopen should be denied.

The Court further notes that an action for revocation of discharge pursuant to 11 U.S.C. § 727(d)(1) may be filed within the time period prescribed under § 727(e)(1), or within one year after the discharge is granted. The

734

order of discharge in this case was entered on September 13, 1994. As of the date of this opinion, this time period has not yet expired. This opinion does not preclude the adversary plaintiffs from filing a timely complaint to revoke discharge. Such action would be consistent with the stated intent in the motion to reopen the bankruptcy case.

A judgment will be entered consistent with these findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58. This opinion shall constitute findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.