**In re Debra Lynn FISHER, Debtor.**

**Debra Lynn FISHER, Plaintiff,**

v.

**UNITED STATES of America, Department of Education and American Society of Mechanical Engineers, Defendants.**

Bankruptcy No. 94–2734–6B7.
Adversary No. 97–00028.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

June 4, 1998.

Mac D. Heavener, III, Casselberry, FL, for debtor/plaintiff.

I. Randall Gold, Orlando, FL, for U.S.

Lawrence M. Kosto, Orlando, FL, for American Society of Mechanical Engineers.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on Motion for Summary Judgment and Motion to Dismiss by the American Society of Mechanical Engineers against the Plaintiff/Debtor, Debra Lynn Fisher, with respect to the Debtor's Complaint to Determine Dischargeability of Debt. Appearing before the Court were Mac Heavener, counsel for Plaintiff/Debtor, Debra Lynn Fisher; Randy Gold, on behalf of the United States of America, Department of Education; and Lawrence Kosto, counsel for American Society of Mechanical Engineers. After reviewing the pleadings, evidence, exhibits, and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Debra Lynn Fisher (the "Debtor") filed for relief under Chapter 7 on May 20, 1994. The Debtor signed a promissory note in favor of the American Society of Mechanical Engineers ("ASME") for an educational loan so she could pursue a bachelor's degree in mechanical engineering at the University of Central Florida. The loan amount was for $2,500.00. Neither the Debtor nor ASME filed a complaint to determine the dischargeability of this indebtedness during the bankruptcy case.

The Debtor's discharge was entered on September 1, 1994. The Trustee's Report of No Distribution and Closing Estate was entered on September 21, 1994. Pursuant to 11 U.S.C. § 528(a)(8) and § 727(b), the Debtor's educational loan was excepted from discharge.

ASME filed a complaint against the Debtor in the County Court, Orange County, Florida (Case No. CO–94–6097) seeking to collect on the student loan excepted from discharge. On February 3, 1995, a Final Judgment was entered against the Debtor in the amount of $3,005.85, excluding pre-judgment and post-judgment interest. ASME had also filed suit in Tennessee seeking the same relief on its unpaid note.

On September 11, 1996, the Debtor filed a Motion to Reopen case. The Debtor requested an Order reopening the case to permit her to file an adversary complaint against ASME pursuant to 11 U.S.C. § 523(a)(8) based upon an undue hardship allegation. The Debtor's Motion to Reopen was granted without any objections.

The Debtor filed the instant adversary complaint against the United States of America, Department of Education[1] and ASME on January 27, 1997. The Debtor seeks to discharge the indebtedness owed to ASME. ASME filed a Motion to Dismiss (Doc. 7) and Motion for Summary Judgment (Doc. 11). The Debtor filed a Response to Motion for Summary Judgment (Docs 14 and 15). ASME stipulated that the Debtor's physical injuries sustained at her workplace did not surface until after the bankruptcy estate closing and entry of ASME's final judgment.

In conformity with the Court's oral ruling at the evidentiary hearing on July 11, 1997, ASME's Motion to Dismiss and Motion for Summary Judgment is due to be denied.

## CONCLUSIONS OF LAW

The issue is whether the Debtor's changed health condition that developed after the closing of the bankruptcy estate bars the

---

1. The educational loans the Debtor obtained that were insured or guaranteed by the United States of America, Department of Education, are not at issue in ASME's motion to dismiss and motion for summary judgment.

Debtor from filing the instant adversary complaint.

Fed.R.Bank.P. 4007 provides, "[a] debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt.... A complaint other than under § 523(c) may be filed at anytime." *Id.* The rule contemplates a liberal and flexible standard in determining whether a debtor's physical or emotional circumstances might change requiring a bankruptcy court to reexamine a debtor's financial situation.

Rule 4007(b) does not preclude the debtor from filing an adversary complaint once a bankruptcy case is closed if the debtor has an unanticipated change in circumstances. *See, e.g., Andrews v. South Dakota Student Loan Assistance Corporation (In re Andrews)*, 661 F.2d 702, 705 n. 5 (8th Cir. 1981) ("we recommend that if the bankruptcy court determines that the debtor should not be granted a discharge on the grounds of undue hardship, the bankruptcy court deny such relief without prejudice to the debtor's again seeking relief under Rules Bankr.Proc. 409(a)(1) [now Rule 4007]"); *In re Sobh*, 61 B.R. 576, 577 (E.D.Mich.1986) (proper not to foreclose redetermination of debtor's circumstances should new conditions thrust the debtor within the undue hardship exception); *In re Pierre*, 12 B.R. 693, 695 (Bankr. S.D.Fla.1981) ("the court recognizes that the debtor's financial circumstances may not develop as anticipated, and therefore will deny relief to the debtor without prejudice to his again seeking relief as permitted by Rule 409(a)(1)").

The Debtor did not have the opportunity to raise the hardship defense nor elaborate on her physical disabilities in any proceeding. The physical condition did not manifest until over one year following the closing of the case and ten months from ASME's judgment. The broad language in Rule 4007 allows the Debtor to seek relief by filing the instant adversary complaint. Based upon the foregoing, and in conformity with the Court's oral ruling on July 11, 1997,

ASME's Motion to Dismiss and Motion for Summary Judgment is due to be denied.